HENRY, Circuit Judge,
concurring and dissenting.
I respectfully dissent from that portion of the order affirming the dismissal of Mr. Purkey’s claim that his access to courts was unconstitutionally violated by the intentional destruction of his complaint and supporting documents. Destruction of legal documents by prison officials can present serious constitutional problems. See Green v. Johnson, 977 F.2d 1383, 1389-90 (10th Cir.1992). Tearing up an inmate’s complaint and supporting documents asserting excessive force and allegedly unconstitutional conditions of confinement and refusing to photocopy complaints so that they can be properly filed clearly violates the mandate that prison officials not hinder an inmate’s access to the courts. See Lewis, 518 U.S. at 351, 116 S.Ct. 2174. The word “hinder” means “to hamper” or “to impede or delay the progress of,” WEBSTER’S II NEW RIVERSIDE UNIVERSITY DICTIONARY at 583 (1988), and thus does not signify a conclusive impediment. It would appear that prison officials may unconstitutionally interfere with access to courts not only by fatally forestalling a required pleading, but also by unreasonably delaying a filing. See Johnson v. Avery, 393 U.S. 483, 485-86, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (“access of prisoners to the courts ... may not be denied or obstructed”) (emphasis added). Indeed, otherwise, officials could simply continue tearing up pleadings with impunity as long as conclusive deadlines still lay in the future. Mr. Purkey alleged actual injury, and not simple delay, by stating that his original complaint and supporting documents were torn to pieces so that he could not file that complaint.